IN THE UNITED STATES DISTRICT COURT
Eastern District of Virginia
Richmond Division

LAWRENCE CHURCH, JR.,                                                    Plaintiff,

v.

GORDON LOREN CAVERLY,

and

ROBERT LAMAR SMALLWOOD

and                                                             Case #: 3:25-cv-177

ROBERT RAY SHUERMERHORN

and

VEOLIA WATER CONTRACT OPERATIONS USA, INC
F/K/A SUEZ WATER ENVIRONMENTAL SERVICES, INC                             Defendants.

## COMPLAINT

COMES NOW the Plaintiff, LAWRENCE CHURCH, JR., by counsel, and moves this Honorable Court for Judgment against the Defendants, GORDON LOREN CAVERLY, ROBERT LAMAR SMALLWOOD, ROBERT RAY SHUERMERHORN, and VEOLIA WATER CONTRACT OPERATIONS USA, INC F/K/A SUEZ WATER ENVIRONMENTAL SERVICES, INC, on the following grounds and for the amount set forth below:

## PARTIES

1. The Plaintiff, LAWRENCE CHURCH, JR. (hereinafter "Plaintiff"), is an individual who is domiciled in and is a citizen of New Kent County in the Commonwealth of Virginia at all times relevant to this Complaint.

2. The Defendant, GORDON LOREN CAVERLY (hereinafter "Defendant

CHURCH – Complaint - 1

Matthew J. Zwerdling, VSB# 42045
Zwerdling, Oppleman, Adams & Gayle
Monument Corporate Centre
5020 Monument Avenue
Richmond, Virginia 23230
Telephone: (804) 355-5719
mzwerdling@zandolaw.com

Caverly"), is an individual who is domiciled in and is a citizen of the State of Michigan.

3. The Defendant, ROBERT LAMAR SMALLWOOD (hereinafter "Defendant Smallwood"), is an individual who is domiciled in and is a citizen of the State of Georgia.

4. The Defendant, ROBERT RAY SHUERMERHORN (hereinafter "Defendant Shuermerhorn"), is an individual who is domiciled in and is a citizen of the State of New York.

5. The Defendant, VEOLIA WATER CONTRACT OPERATIONS USA, INC F/K/A SUEZ WATER ENVIRONMENTAL SERVICES, INC (hereinafter "Defendant Suez"), is a Delaware Corporation, with a primary place of business in the State of Delaware.

## JURISDICTION AND VENUE

6. Diversity Jurisdiction is proper pursuant to 28 U.S.C. § 1332 as the cause of action is for a personal injury arising out of an automobile accident that occurred in Cumberland County, North Carolina and all parties are citizens or domestic Corporations of different states as described in Paragraphs 1 – 5 of this Complaint. (See Disclosure of Citizenship in Diversity Jurisdiction Cases attached as Exhibit 1 and incorporated herein by reference).

7. Diversity Jurisdiction is proper as the amount in controversy exceeds the sum of $75,000.00.

8. That Venue is proper as the Plaintiff is domiciled in and a citizen of New Kent County, Virginia which is located in the Eastern District of Virginia pursuant to 28 U.S.C. § 127.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. On or about the 20th day of March 2022, the Plaintiff was the driver of a 2011 Jeep traveling northbound on I-95 in Cumberland County, North Carolina.

10. That at the same time and place, Defendant Caverly, Defendant Smallwood, and

CHURCH – Complaint - 2

Matthew J. Zwerdling, VSB# 42045
Zwerdling, Oppleman, Adams & Gayle
Monument Corporate Centre
5020 Monument Avenue
Richmond, Virginia 23230
Telephone: (804) 355-5719
mzwerdling@zandolaw.com

Defendant Shuermerhorn were the drivers of their respective vehicles also traveling northbound on I-95 in Cumberland County, North Carolina.

11. That the section of I-95 Northbound that the Plaintiff and the Defendants (described in Paragraph 10 of the Complaint) were driving through was a construction zone.

12. That seven (7) vehicles, which included the Plaintiff and the Defendants' vehicles (described in Paragraph 10 of the Complaint), were involved in a collision on I-95.

13. That at all times relevant to the Complaint, the 7 vehicles were in the same lane on I-95 and were travelling single file.

14. That the Plaintiff was the driver of the 4th vehicle in the 7 car collision.

15. That Defendant Caverly was the driver of the 5th vehicle in the 7 car collision, which was directly behind the Plaintiff's vehicle.

16. That Defendant Smallwood was the driver of the 6th vehicle in the 7 car collision, which was directly behind Defendant Caverly's vehicle.

17. That Defendant Shuermerhorn was the driver of the 7th vehicle in the 7 car collision, which was directly behind Defendant Smallwood's vehicle.

18. That immediately prior to the collision, Plaintiff noticed the vehicles in front of him begin to apply their brakes and slow down quickly to a stop.

19. That Plaintiff also applied his brakes and came to a complete stop without colliding with the vehicle in front of him prior to the collision.

20. That after Plaintiff came to a complete stop, his vehicle was struck from behind by Defendant Caverly.

21. That to the best of the belief and knowledge of the Plaintiff, his vehicle was

CHURCH – Complaint - 3

Matthew J. Zwerdling, VSB# 42045
Zwerdling, Oppleman, Adams & Gayle
Monument Corporate Centre
5020 Monument Avenue
Richmond, Virginia 23230
Telephone: (804) 355-5719
mzwerdling@zandolaw.com

impacted a 2nd time by the vehicle driven by Defendant Caverly.

## COUNT I – NEGLIGENCE/BODILY INJURY
### Against Defendant Caverly

22. That Plaintiff restates the allegations in Paragraphs 1-21 of this Complaint as if set forth at length.

23. That at the same time and place, Defendant Caverly was the driver of a 2019 Cadillac and was also traveling northbound on I-95 directly behind the Plaintiff's vehicle prior to the collision.

24. That after Plaintiff came to a complete stop, his vehicle was struck from behind by Defendant Caverly.

25. That to the best of the belief and knowledge of the Plaintiff, his vehicle was impacted a 2nd time by the vehicle driven by Defendant Caverly.

26. That Defendant Caverly's vehicle struck the rear end of Plaintiff's vehicle with such a force that it caused serious, significant, and permanent injuries to Plaintiff.

27. That Defendant Caverly had a duty to operate his vehicle without negligence and with due regard for the safety of other persons on the road.

28. That notwithstanding these duties, Defendant Caverly recklessly, carelessly and negligently operated his vehicle so that it caused a collision with your Plaintiff's vehicle.

29. That the collision described in Paragraph 28 of this Complaint was directly and proximately due to Defendant Caverly's violation of his duties aforesaid.

30. That as a proximate result of said negligence of Defendant Caverly, Plaintiff suffered serious and permanent injuries, disability, disfigurement, medical care and

CHURCH – Complaint - 4

Matthew J. Zwerdling, VSB# 42045
Zwerdling, Oppleman, Adams & Gayle
Monument Corporate Centre
5020 Monument Avenue
Richmond, Virginia 23230
Telephone: (804) 355-5719
mzwerdling@zandolaw.com

treatment, has been forced to spend sums of money for his medical care and treatment, has had his ordinary and routine activities disrupted, has suffered and continues to suffer great pain of body and mind, has incurred and will potentially incur future doctor, hospital and related expenses in an effort to cure and treat his injuries, loss of earnings and loss of the ability to earn money, and has had his ability to enjoy life and participate in regular activities adversely affected.

## COUNT II – NEGLIGENCE/BODILY INJURY
### Against Defendant Smallwood

31. That Plaintiff restates the allegations in Paragraphs 1-30 of this Complaint as if set forth at length.

32. That at the same time and place, Defendant Smallwood was the driver of a 2021 Ford and was also traveling northbound on I-95 directly behind Defendant Caverly's vehicle prior to the collision.

33. That Defendant Smallwood was driving a company vehicle owned by Defendant Suez.

34. That at all times relevant, Defendant Smallwood, while driving the company vehicle was acting in the scope of his employment of Defendant Suez.

35. That at all times relevant, Defendant Smallwood, was an agent of Defendant Suez.

36. That to the best of the belief and knowledge of the Plaintiff, Defendant Caverly's vehicle was struck from behind by Defendant Smallwood's vehicle.

37. That Defendant Smallwood's vehicle struck the rear end of the vehicle behind the

CHURCH – Complaint - 5

Matthew J. Zwerdling, VSB# 42045
Zwerdling, Oppleman, Adams & Gayle
Monument Corporate Centre
5020 Monument Avenue
Richmond, Virginia 23230
Telephone: (804) 355-5719
mzwerdling@zandolaw.com

Plaintiff's vehicle with such a force that it caused a multi-car collision which caused serious, significant, and permanent injuries to Plaintiff.

38. That Defendant Smallwood had a duty to operate his vehicle without negligence and with due regard for the safety of other persons on the road.

39. That notwithstanding these duties, Defendant Smallwood recklessly, carelessly and negligently operated his vehicle so that it caused a multi-car collision with your Plaintiff's vehicle.

40. That the collision described in Paragraph 39 of this Complaint was directly and proximately due to Defendant Smallwood's violation of his duties aforesaid.

41. That as a proximate result of said negligence of Defendant Smallwood, Plaintiff suffered serious and permanent injuries, disability, disfigurement, medical care and treatment, has been forced to spend sums of money for his medical care and treatment, has had his ordinary and routine activities disrupted, has suffered and continues to suffer great pain of body and mind, has incurred and will potentially incur future doctor, hospital and related expenses in an effort to cure and treat his injuries, loss of earnings and loss of the ability to earn money, and has had his ability to enjoy life and participate in regular activities adversely affected.

### COUNT III – NEGLIGENCE/BODILY INJURY
### Against Defendant Shuermerhorn

42. That Plaintiff restates the allegations in Paragraphs 1-41 of this Complaint as if set forth at length.

43. That at the same time and place, Defendant Shuermerhorn was the driver of a

CHURCH – Complaint - 6

Matthew J. Zwerdling, VSB# 42045
Zwerdling, Oppleman, Adams & Gayle
Monument Corporate Centre
5020 Monument Avenue
Richmond, Virginia 23230
Telephone: (804) 355-5719
mzwerdling@zandolaw.com

2021 Ford and was also traveling northbound on I-95 directly behind Defendant Smallwood's vehicle prior to the collision.

44. That to the best of the belief and knowledge of the Plaintiff, Defendant Smallwood's vehicle was struck from behind by Defendant Shuermerhorn's vehicle.

45. That Defendant Shuermerhorn's vehicle struck the rear end of Defendant Smallwood's vehicle with such a force that it caused a multi-car collision which caused serious, significant, and permanent injuries to Plaintiff.

46. That Defendant Shuermerhorn had a duty to operate his vehicle without negligence and with due regard for the safety of other persons on the road.

47. That notwithstanding these duties, Defendant Shuermerhorn recklessly, carelessly and negligently operated his vehicle so that it caused a multi-car collision with your Plaintiff's vehicle.

48. That the collision described in Paragraph 47 of this Complaint was directly and proximately due to Defendant Shuermerhorn's violation of his duties aforesaid.

52. That as a proximate result of said negligence of Defendant Shuermerhorn, Plaintiff suffered serious and permanent injuries, disability, disfigurement, medical care and treatment, has been forced to spend sums of money for his medical care and treatment, has had his ordinary and routine activities disrupted, has suffered and continues to suffer great pain of body and mind, has incurred and will potentially incur future doctor, hospital and related expenses in an effort to cure and treat his injuries, loss of earnings and loss of the ability to earn money, and has had his ability to enjoy life and participate in regular activities adversely affected.

Matthew J. Zwerdling, VSB# 42045
Zwerdling, Oppleman, Adams & Gayle
Monument Corporate Centre
5020 Monument Avenue
Richmond, Virginia 23230
Telephone: (804) 355-5719
mzwerdling@zandolaw.com

## COUNT IV – NEGLIGENCE/BODILY INJURY
### Against Defendant Suez

53. That Plaintiff restates the allegations in Paragraphs 1-52 of this Complaint as if set forth at length.

54. That at all times relevant, Defendant Suez, was the owner of the vehicle driven by Defendant Smallwood.

55. That at all times relevant, Defendant Smallwood, was acting in the scope of his employment for Defendant Suez.

56. That at all times relevant, Defendant Smallwood was an agent of Defendant Suez.

57. That Defendant Smallwood's vehicle struck the rear end of the vehicle behind the Plaintiff's vehicle with such a force that it caused a multi-car collision which caused serious, significant, and permanent injuries to Plaintiff.

58. That Defendant Smallwood, as the agent for Defendant Suez, had a duty to operate his vehicle without negligence and with due regard for the safety of other persons on the road.

59. That notwithstanding these duties, Defendant Smallwood, as the agent for Defendant Suez recklessly, carelessly and negligently operated the vehicle so that it caused a multi-car collision with your Plaintiff's vehicle.

60. That the collision described in Paragraph 59 of this Complaint was directly and proximately due to Defendant Smallwood's violation of his duties aforesaid, as the agent for Defendant Suez.

Matthew J. Zwerdling, VSB# 42045
Zwerdling, Oppleman, Adams & Gayle
Monument Corporate Centre
5020 Monument Avenue
Richmond, Virginia 23230
Telephone: (804) 355-5719
mzwerdling@zandolaw.com

61. That as a proximate result of said negligence of Defendant Smallwood, as the agent for Defendant Suez, Plaintiff suffered serious and permanent injuries, disability, disfigurement, medical care and treatment, has been forced to spend sums of money for his medical care and treatment, has had his ordinary and routine activities disrupted, has suffered and continues to suffer great pain of body and mind, has incurred and will potentially incur future doctor, hospital and related expenses in an effort to cure and treat his injuries, loss of earnings and loss of the ability to earn money, and has had his ability to enjoy life and participate in regular activities adversely affected.

WHEREFORE, your Plaintiff, LAWRENCE CHURCH, JR, demands judgment against the Defendant, GORDON LOREN CAVERLY, the Defendant, ROBERT LAMAR SMALLWOOD, the Defendant, ROBERT RAY SHUERMERHORN, and the Defendant VEOLIA WATER CONTRACT OPERATIONS USA, INC F/K/A SUEZ WATER ENVIRONMENTAL SERVICES, INC, in the amount of One Million Five Hundred Thousand and No Cents ($1,500,000.00), plus his costs herein expended and interest provided by statute; and for such other and further relief as the Court may deem equitable and just under the circumstances of the case at bar.

TRIAL BY JURY IS DEMANDED

Respectfully submitted,
**LAWRENCE CHURCH, JR**

By _____
/Counsel

Matthew J. Zwerdling, VSB# 42045
Zwerdling, Oppleman, Adams & Gayle
Monument Corporate Centre
5020 Monument Avenue
Richmond, Virginia 23230
Telephone: (804) 355-5719
mzwerdling@zandolaw.com

Matthew J. Zwerdling, VSB#: 42045
Zwerdling, Oppleman & Adams
Monument Corporate Centre
5020 Monument Avenue
Richmond, Virginia 23230
Telephone: (804) 355-5719
Facsimile: (804) 355-1597
mzwerdling@zandolaw.com

CHURCH – Complaint - 10

Matthew J. Zwerdling, VSB# 42045
Zwerdling, Oppleman, Adams & Gayle
Monument Corporate Centre
5020 Monument Avenue
Richmond, Virginia 23230
Telephone: (804) 355-5719
mzwerdling@zandolaw.com